IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD D. STOCK

v.

JOSEPH CURRAN, JR.
MARGARET TINDALL

CIVIL ACTION NO. AMD-00-2245

..oOo..

**MEMORANDUM**

Donald D. Stone, a resident of Jensen Beach, Florida, filed this diversity action sounding in tort on July 20, 2000, alleging that the defendants, the Attorney General of the State of Maryland and an Assistant Attorney General of the State of Maryland, defamed him and portrayed him in a false light.

Mr. Stone has filed a 20-page complaint, accompanied by 25 exhibits, including over three hundred and fifty pages of documents and a cassette tape of a 1995 United States Trustee's Meeting. The complaint discusses (1) plaintiff's alleged seven year investigation into what he characterizes as corrupt and illegal practices of the Attorney General of the State of Maryland and his "agents" and his political cronies to wrest from him his "valuable patent and intellectual property," and (2) his investigation into the activities of the Attorney General of the State of Florida and his alleged ties to organized crime.

A careful review of the lengthy commentary set forth in the complaint reveals that Mr. Stone levels one fact specific, direct claim of defamation against defendants Curran and Tindall.[1] This allegation relates to an article published in a local Florida newspaper-- The News of Martin County--on July 25, 1999, in which Ms. Tindall was questioned by reporter Eric Alan Barton about Mr.

---

[1] Later in his complaint, the plaintiff claims that since 1993 to the present, defendant Curran "and his agents" have engaged in a pattern to defraud, discredit, libel, slander, smear and harm him. Mr. Stone points to "two known fraudulent schemes by defendant Curran and his agents" to engage in such tortious conduct. A close examination of the claims illustrates that Mr. Stone is referring to the contents of an affidavit of a Deputy Attorney General filed in 1995.

Stone's litigation.[2] Ms. Tindall was quoted in the publication as stating:

> "Any time that people say they're a victim of a massive conspiracy on multiple levels, people should be leery of their claims..." "We're getting a lot of frivolous lawsuits these days, and I think it's a big problem around the country."

It is this quotation that the plaintiff contends is actionable. He claims that his cases were not dismissed with prejudice and that Ms. Tindall's comments, taken in conjunction

---

[2] Mr. Stone had filed a mandamus proceeding in the Circuit Court for Martin County, Florida. According to the plaintiff, he filed the mandamus proceeding to compel the Florida Department of Law Enforcement to interview him regarding his attempts to obtain an impartial governmental investigation into the alleged fraudulent activities of the Florida and Maryland Attorneys General. In addition, on February 17, 1998, Mr. Stone filed a civil complaint in the United States District Court for the Southern District of Florida. See Stone v. Warfield, et al., Civil Action No. 98-14069. A review of the docket of the United States District Court for the Southern District of Florida reveals that on June 19, 1998, District Judge Kenneth L. Ryskamp adopted the report and recommendation of Magistrate Judge Frank J. Lynch and granted various motions to dismiss filed by a number of the ninety or more named defendants, including Maryland Attorney General Joseph Curran, Jr., one of the defendants in this case. The case was dismissed without prejudice and closed on June 22, 1998. Finally, on October 30, 1998, Mr. Stone essentially refiled his Florida federal case in this Court in a complaint which named 99 defendants and ran almost 160 pages. See Stone v. Warfield, et al., Civil Action No. L-98-3652. On February 22, 1999, Judge Benson Legg dismissed the complaint without prejudice.

with headlines of Mr. Barton's front page story, defamed him and portrayed him in a false light.[3]

Upon review of the docket of the United States District Courts, it has come to this Court's attention that on July 5, 2000, Mr. Stone filed a diversity complaint against defendants Curran and Tindall in the United States District Court for the Southern District of Florida. See Stone v. Curran, et al., Civil Action No. 00-14204.[4] This Court has read the Florida federal complaint by accessing the U.S. Court's Pacer Program. It is indistinguishable from the complaint filed here in every way, i.e. parties, allegations, counts and exhibits. Indeed, it is the identical complaint. For reasons only known to the plaintiff, Mr. Stone filed this federal complaint first in Florida and then in this district more than two weeks later.

---

[3] The remaining portion of the complaint seemingly goes to alleged fraudulent and corrupt activities of a number individuals to infiltrate and seize control of Donald Stone Industries, Inc., a corporation formed in Maryland to commercialize plaintiff's surfboard wax invention. It is believed that these claims were raised in the prior federal court actions addressed herein.

[4] Further examination of the court docket in regard to that complaint reveals that the parties have filed dispositive motions and responses; that status reports and a status conference have been scheduled in the matter; and that there remains a pending motion to transfer the case to Judge Ryskamp, who reviewed plaintiff's 1998 Florida federal case.

In light of the fact this identical complaint is pending in the United States District Court for the Southern District of Florida, this complaint shall be dismissed.

A separate Order follows.[5]

9/5/2000
Date

Andre M. Davis
United States District Judge

---

[5] In light of this decision, summons shall not issue.